**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MITCHELL S. AIKENS,                    Case No. 1:26-cv-11045

        *Plaintiff,*                    Denise Page Hood
v.                                     United States District Judge

ROBERT L. LOWRANCE,                    Patricia T. Morris
                                       United States Magistrate Judge
        *Defendants.*

_____/

**ORDER DIRECTING THE CLERK TO CORRECT THE DOCKET,**
**DENYING PLAINTIFF'S MOTION TO DROP CO-PLAINTIFF AS MOOT**
**(ECF No. 14), AND DENYING PLAINTIFF'S MOTION FOR ALTERNATE**
**SERVICE WITHOUT PREJUDICE (ECF Nos. 15, 16)**

Plaintiff Mitchell S. Aikens, proceeding *pro se*, filed this lawsuit against

Defendant Robert L. Lowrance.  (ECF No. 1).  The Court has referred the following

motions to the Undersigned: (1) Plaintiff's motion to drop Patrick VanCamp as a

party (ECF No. 14) and (2) Plaintiff's motion for alternate service (ECF Nos. 15,

16).  (ECF No. 21).  Each will be addressed in turn below.

Plaintiff's first motion seeks to drop Patrick VanCamp as a party.  (ECF No.

14).  However, review of the docket as well Plaintiff's complaint and motion shows

that the docket was incorrectly captioned at the onset of this case.  Patrick VanCamp

is listed in the signature block of Plaintiff's complaint, which identifies him as

Plaintiff's Next Friend.  But Patrick VanCamp is not named as a plaintiff nor are

there any claims attributed to him.  Thus, Patrick VanCamp should never have been listed as a separate plaintiff on the docket.  Accordingly, the Clerk is hereby **DIRECTED** to correct the docket to reflect that Mitchell S. Aikens is the sole Plaintiff in this case.  Given this resolution, Plaintiff's motion to drop Patrick VanCamp as a party (ECF No. 14) is **DENIED AS MOOT**.[1]

In his second motion, Plaintiff requests leave to serve Defendant via email because he is an active U.S. military member who is currently deployed somewhere in the Middle East.  (ECF Nos. 15, 16).  Rule 4(f)(3) of the Federal Rules of Civil Procedure allows for service on individuals located outside of the United States to be accomplished by "other means not prohibited by international agreement as may be directed by the court."  Under Rule 4(f)(3), "courts have authorized a wide variety of methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). However, Paragraph (3) of the Advisory Committee Notes to Rule 4(f)(3) cautions courts considering alternative methods of service that "an earnest effort should be

---

[1] Plaintiff says in his motion that he erroneously listed Patrick VanCamp in his signature block as his Next Friend.  He explains that Patrick VanCamp is not acting as Plaintiff's Next Friend in this lawsuit but did serve in that capacity during different proceedings that occurred in state court.  Because determination of whether Plaintiff is competent to represent himself in this lawsuit has not been referred to the Undersigned, the issue will not be further addressed by this Order.

made to devise a method of communication that is consistent with due process and minimizes offense to foreign law." Advisory Committee Notes to Fed. R. Civ. P. 4(f)(3).

Here, Plaintiff's motion lacks sufficient information for the Court to determine whether serving Defendant by email would comport with either due process or the laws of the country where he is currently located. Plaintiff has not provided any details about the email address itself, meaning he has not explained how he obtained it, how he knows that it is associated with Defendant, nor how often Defendant checks his email. Further complicating matters is that Defendant is currently deployed to the Middle East on active military duty. The Court does not know which country he is currently in or whether he will remain in that country or move to another. This makes it difficult if not impossible to ensure that service by email is not prohibited by the unknown country's laws. Moreover, as a member of the U.S. military who is currently deployed, Defendant is entitled to protection from default under 50 U.S.C.A. § 3931 and a stay of proceedings (should he learn of this lawsuit and request one) under 50 U.S.C.A. § 3932.

For these reasons, Plaintiff's motion to drop Patrick VanCamp as a party (ECF No. 14) is **DENIED AS MOOT** and his motion for alternate service (ECF Nos. 15, 16) is **DENIED WITHOUT PREJUDICE**. The Clerk shall correct the docket in

3

the manner explained above.

**IT IS SO ORDERED.**

Date:  April 23, 2026                              s/PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge