**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MITCHELL S. AIKENS,

    Plaintiff,

   v.

ROBERT L. LOWRANCE
    Defendant.

Case No. 26-11045

Hon. Denise Page Hood

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION [ECF NO. 17]**

## I.  BACKGROUND

This matter is before the Court on a Motion for Temporary Restraining Order and Preliminary Injunction filed on April 15, 2026, by Plaintiff Mitchell Aikens against Defendant Robert Lowrance. [ECF No. 17]. The action stems from Plaintiff alleging Defendant engaged in aggressive and confrontational communication with him in open court during litigation in state court. [ECF No. 1, PageID. 1]. The motion asserts that Aikens has been receiving repeated contact from Defendant and requests that this Court issue a Temporary Restraining Order and enjoin Defendant from contacting Plaintiff or attempting to communicate with him outside of litigation, for the purpose of harassment or intimidation. [ECF No. 17, PageID.90].

1

## II.    ANALYSIS

Aikens filed this Motion for Temporary and Restraining Order and Preliminary Injunction under Fed. R. Civ. P. 65(b). A temporary restraining order may be issued under Rule 65(b):

> (1)    *Issuing Without Notice.*    The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  A temporary restraining order expires in 14 days after entry, unless the court extends the order, for good cause, for a like period, or if the adverse party consents to a longer extension.  Fed. R. Civ. P. 65(b)(2).

"The Supreme Court has stated that the Rule 65(b) restrictions 'on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439, (1974)).  There are two circumstances which would justify the Court proceeding ex parte on a motion for temporary restraining order without notice under Rule 65(b)(1): (1)

2

where notice to the adverse party is *impossible*; and (2) in more limited circumstances, where "notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

Here, as required under Rule 65(b), Aikens does not make a sufficient showing as to why notice to Lowrance is not required. Aikens also failed to show that notice to Lowrance would render fruitless further prosecution of the action. Aikens has not shown he is entitled to ex parte relief under Rule 65(b) since he failed to show why notice to Lowrance is impossible and/or fruitless.

Next, addressing the irreparable injury requirement, Aikens asserts that his irreparable harm is derived from communications made in Tuscola County Probate Court and the 54th Circuit Court proceedings. [ECF No. 17, PageID.89]. Aikens claims irreparable harm because he was unable to participate in legal proceedings. *Id*. Aikens' has not shown that this Court has authority over those proceedings. This Court has no knowledge of the proceedings or litigation on which Aikens basis his claim for relief. There may be a remedy for him within the Tuscola County Probate Court or the 54th Circuit Court judicial system. At this juncture, Aikens Motion for Temporary Restraining Order is denied. The Motion for Preliminary Injunction under Rule 65(a) is denied without prejudice pending service of Summons and Complaint on Defendant.

### III.   CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **(ECF No. 17)** is **DENIED**.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: April 30, 2026